**CHRYSLER CAPITAL CORPORATION, Cilcorp Lease Management Inc., IOR Capital, Inc., Northern Leasing Company, Inc., and US West Financial Services, Inc., Plaintiffs,**

v.

**CENTURY POWER CORPORATION, Tucson Electric Power Company, Catalyst Energy Corporation, and San Diego Gas & Electric Company, Defendants.**

No. 91 Civ. 1937 (RPP).

United States District Court, S.D. New York.

June 17, 1991.

As Amended June 27, 1991.

Cravath, Swaine & Moore, Alan J. Hruska, New York City, for plaintiffs.

Baker & Botts, Philip J. John, Houston, Tex., for defendant Catalyst.

Skadden, Arps, Slate, Meagher & Flom, Barry H. Garfinkel, New York City, for defendant San Diego G & E.

Cahill Gordon & Reindel, Laurence A. Silverman, New York City, for defendant Century Power.

Leboeuf, Lamb, Leiby & MacRae, Charles Platt, New York City, for defendant Tepco.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Century Power Corporation ("Century Power") (previously known as "Alamito Company"), Catalyst Energy Corporation ("Catalyst"), Tucson Electric Power Company ("Tepco") and San Diego Gas & Electric Company ("San Diego G & E") move jointly for a stay of discovery pending the Court's decision on their outstanding motions to dismiss. Defendants also move for a protective order pursuant to Fed.R.Civ.P. 26(c) regarding the plaintiffs' requests for production of documents.

The parties make essentially the same arguments as to a stay of discovery in this case as they do in the related case, *Philip Morris Capital v. Century Power, et al.,* 90 Civ. 8277 (RPP), in which this Court ordered the parties to continue the adjournment of commencing discovery to which they had previously agreed, pending the issuance or denial of a stay. The cases arise from the same set of facts and involve the same allegations and same attorneys. In the present case, plaintiffs additionally charge defendants with violations of various states' securities laws and charge defendant Catalyst with unjust enrichment.

Defendants counter, as they did in the *Philip Morris Capital* matter, that the dis-

covery requests and request for production by plaintiffs are extensive and overwhelming, and will be so expensive that to respond will be a severe hardship on the defendants, companies in weak financial condition which even plaintiffs' counsel alleges may be on the verge of bankruptcy (with the exception of San Diego G & E). Defendants argue that because much of the discovery relates to claims likely to be dismissed, it would be an unnecessary hardship to allow extensive discovery before their motions to dismiss are decided. They note that dismissal of even one or two of the causes of action would considerably narrow the scope of discovery and reduce the burden on them. Defendants' motions to dismiss are based on 1) failure to state a claim, under Fed.R.Civ.P. 12(b)(6), because of expiration of the statute of limitations for the federal claims under the *Ceres* doctrine,[1] 2) failure to state a claim because neither injury, damage nor loss causation is adequately pleaded, and 3) failure to plead fraud with particularity, under Fed. R.Civ.P. 9(b).[2] The motions do not appear to be without foundation in law.

In opposition to the grant of a stay, plaintiffs argue that the federal claim is not time-barred and there will have to be discovery on the state claims anyway in this case, since there is diversity jurisdiction over the present matter even if the federal claim under the securities law is dismissed because of the statute of limitations. Accordingly, they argue that discovery might as well proceed immediately.

To show that they will be damaged by a stay, plaintiffs assert that the defendants seek to delay discovery long enough for Tepco and Century Power to go into bankruptcy and for Catalyst to distribute to its Canadian debtholders the assets it has al-

---

1. In *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990), the Second Circuit held that the appropriate limitations period for an action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), was the one year/three year period of limitations provided for in §§ 9(e) and 18(a) of the 1934 Act. 918 F.2d at 361.

2. Defendant San Diego G & E moves separately for dismissal of the claims against it on the

ground that this Court does not have personal jurisdiction over it. If the federal law claims are dismissed in *Philip Morris,* this Court may have no subject matter jurisdiction over the remaining claims, since it is asserted that defendant Catalyst has its principal place of business in New York and thus complete diversity does not exist.

legedly been liquidating, including $120 million allegedly "siphoned" from Century Power. The only facts cited to support these allegations are those contained in the Affidavit of Raymond McCann, March 8, 1991. McCann is the manager of lease financing for Philip Morris Capital Corp.

Plaintiffs already have access to extensive discovery material as a result of the FERC proceedings, in which Philip Morris Capital intervened, since their lawyers are the same and the cases arise from the same set of facts. The discovery requests are extensive and defendants' motions for dismissal do appear to have substantial grounds. Plaintiffs do not demonstrate extraordinary prejudice to them. Plaintiffs will not be damaged by the grant of a stay of discovery until the motions to dismiss are decided. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (district court has discretion to halt discovery pending its decision on motion to dismiss).

Accordingly, the application for a temporary stay of discovery is granted and discovery is stayed pending decision on the motions to dismiss. Due to the issuance of a stay, the motion for a protective order is moot.

IT IS SO ORDERED.