**Rodolfo Ullonoa FLORES, et al., Plaintiffs,**

v.

**SOUTHERN PERU COPPER CORPORATION, Defendant.**

No. 00 CIV. 9812(CSH).

United States District Court, S.D. New York.

April 19, 2001.

---

MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge.

The Court has examined the parties' joint Report and Proposed Discovery Plan ("the

Plan"), submitted in obedience to Rule 26(f), Fed.R.Civ.P. The Plan reveals one present and one potential dispute. This opinion resolves the former and contains a scheduling order for the latter.

I

Rule 26(a)(1) deals with "initial disclosures." It provides that, "without waiting for a discovery request" and unless "otherwise stipulated or directed by order," the parties must provide to each other four categories of information. Rule 26(a)(1)(A)–(D).[1] The parties have stipulated to adjourn the making of the initial disclosures required by subsections (A)–(C) until the Court has ruled on a dispositive motion defendant filed and served on March 5, 2001.[2] They dispute whether the disclosure called for by Rule 26(a)(1)(D) should be similarly adjourned. Defendant says it should. Plaintiffs say it should not.

Rule 26(a)(1)(D) requires the production "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Defendant argues that since the Amended Complaint complains "of the alleged effects on the environment of activities undertaken by defendant over more than 40 years, it is likely that more than one insurance policy potentially provides coverage." Plan at 2. Counsel's carefully chosen phrases suggest that they have not actually looked to see if that is so, but the natural instincts of underwriters to review, reissue, and revise the policies they write and to reinsure the risks they cover lend plausibility to the notion that more than one liability policy applies to 40 years of a company's mining operations. Defendant argues further that its pending dispositive motion raises no issue "to which the question of defendant's insurance coverage, if any, is relevant," *id.*, so that the efforts involved in

searching for the policy or policies and drafting a confidentiality agreement to protect them, as well as the risk of an unwarranted disclosure even in the presence of such an agreement, may all be avoided if the motion succeeds.

Plaintiffs respond that disclosure of any insurance policies must be made now because Rule 26(a)(1)(D) "requires it, and plaintiffs have not agreed to waive that specific provision of the Rule. Moreover, the Southern District has repealed its opt-out from Rule 26. Thus, absent agreement of the parties, defendants are required to produce regardless of any argument defendant may make as to efficiency or expense." Plan at 3.

This argument contains two flaws. First, and less significant in the analysis, this Court did not "repeal" its prior opting-out from the initial disclosure requirements of Rule 26(a)(1). The 2000 amendments to the Rules, effective on December 1 of that year, eliminated the previously existing ability of the district courts to opt out from certain provisions of the Rules governing discovery. The Advisory Committee's Notes state:

> The Rule 26(a)(1) initial disclosure provisions are amended to establish a nationally uniform practice. . . . The amendments remove the authority to alter or opt out of the national disclosure requirements by local rule, invalidating not only formal local rules but also informal "standing" orders of an individual judge or court that purport to create exemptions from—or limit or expand—the disclosure provided under the national rule. See Rule 83. Case-specific orders remain proper, however, and are expressly required if a party objects that initial disclosure is not appropriate in the circumstances of the action.

Consequently the demise of opting out did not result from this Court's autonomous exercise; it was imposed by *force majeure*. In this respect at least, the Southern District of New York has now become indistinguishable from the Nation's other district courts. More importantly, plaintiffs' argument that

---

1. Rule 26(a)(1) exempts four categories of proceedings from its disclosure requirements. *See* Rule 26(a)(1)(E). None of those exempt categories is pertinent to the case at bar.

2. The motion has not yet been fully briefed, and so cannot be regarded as *sub judice.*

in the absence of their consent to a delay, Rule 26(a)(1) "requires" defendant to disclose any pertinent insurance policies overlooks the provision in the Rule that the designated disclosures must be made "except . . . to the extent otherwise stipulated *or directed by order.*" The drafters of the Rule built in two delay buttons to these initial disclosures: stipulation by the parties if they agree, and an order by the district court if they do not. The parties pushed the first delay button in respect of three disclosure categories; defendant asks the Court to push the second button in respect of the fourth category.

The passage from the Advisory Committee's Notes to the 2000 amendments quoted *supra* expressly recognizes the continuing authority of the district courts to make "case-specific orders" deferring initial disclosures under the Rule. That authority has always existed; a leading treatise recognizes a district court's discretionary power to stay all Rule 26(a)(1) initial disclosure "pending resolution of [a] motion to dismiss, if the defendant makes a strong showing that the plaintiff's claim is unmeritorious." 6 *Moore's Federal Practice* § 26.22[3][b] at 26–64 (3d ed.1997).

The necessity for the showing suggested by *Moore* does not arise in the case at bar, where plaintiffs have agreed to adjourn three of the four initial disclosures until defendant's dispositive motion has been decided; nor have I made even a cursory examination of defendant's motion, which is not yet fully briefed. The decisive factor is that plaintiffs offer no reasoned analysis why they are willing to defer the identifying of individuals with discoverable information, the production or description of pertinent documents and tangible things in the parties' possession, and a computation of plaintiffs' damages, the categories of information covered by Rule 26(a)(1)(A), (B), and (C) respectively, and yet insist upon the defendant's immediate production of any insurance policies.

Plaintiffs do not suggest any way in which their response to defendant's motion would be enhanced or aided by that information. Plaintiffs say only that "[t]he expense of producing the insurance policy is obviously minimal," Plan at 3 (note plaintiffs' assumption that there is only one policy), and that "[t]he expense of negotiation and drafting a protective order is also minimal," *id.* Maybe so, but maybe not so. No useful purpose will be served by putting defendant to the effort in order to find out.

The defendant's objection to disclosure under Rule 26(a)(1)(D) at this time is sustained. Disclosure under this category will be made at the same time as the other information embraced by Rule 26(a)(1) if defendant's dispositive motion is denied.

## II

The potential dispute arises out of a statement by counsel for plaintiffs at the parties' March 14, 2001 Rule 26(f) conference that "plaintiffs may want to take the deposition of Dr. Hans A. Flury, one of several affiants whose affidavits were submitted in support of Defendant's Dispositive Motion," Plan at 3, before plaintiffs respond to that motion. While defendant says that Dr. Flury's affidavit "sets forth historical facts of public record that are indisputable," Plan at 4, plaintiffs respond that defendant offers Flury's affidavit in support of its claim "that Peru is an adequate forum for this litigation," a proposition supportive of defendant's invocation of the doctrine of forum non conveniens. If one views that particular proposition as a question of fact, or perhaps a mixed question of fact and law, it is not difficult to imagine that it may be disputed, which leads plaintiff to conclude that "a deposition of Dr. Flury, should plaintiffs seek it, would be appropriate." Plan at 5. Defendant ripostes that if plaintiffs notice Flury's deposition, "defendant will move for a protective order that such discovery not be had." Plan at 7.

I express no view with respect to the merits of this potential dispute, given the constitutional requirement that courts limit their efforts to presently existing controversies. If plaintiffs never seek Flury's deposition, there will be no controversy. However, as long as the possibility exists, the parties' final submissions on defendant's dispositive motion are necessarily held in limbo.

In those circumstances, I make the following Scheduling Order:

1. If plaintiffs decide to notice Dr. Flury's deposition before responding to defendant's dispositive motion, plaintiffs are directed to file and serve a notice to take that deposition not later than May 4, 2001. That date refers to the date of filing and serving the notice, not the date upon which the notice provides that the deposition will take place. Failing the filing and service of such a notice by May 4, 2001, plaintiffs will be held to have waived any right to take Dr. Flury's deposition before responding to defendant's motion.

2. If plaintiffs serve and file a notice to take Dr. Flury's deposition which complies with Paragraph 1 of this Order, defendant is directed to file and serve a motion for a protective order that the deposition not take place, within fourteen (14) days after service of the notice upon defendant's counsel, failing which the deposition will take place as noticed.

3. If defendant timely makes the motion described in Paragraph 2 of this Order, plaintiff is directed to file and serve opposing papers within fourteen (14) days after service of the motion upon plaintiffs' counsel. Defendant may, if so advised, file and serve reply papers within seven (7) days of service of plaintiffs' opposing papers upon defendant's counsel. If the Court desires oral argument, counsel will be advised.

4. If a protective motion of the nature described in this Order is made, further briefing on defendant's dispositive motion will be stayed until the Court has decided the protective motion.

The foregoing is SO ORDERED.