**Johnny JOHNSON, Plaintiff,**

v.

**NEW YORK UNIV. SCHOOL OF EDUC., Defendant.**

**No. 00 Civ. 8117(WK)(RLE).**

United States District Court, S.D. New York.

Jan. 30, 2002.

Johnny Johnson, Memphis, TN, pro se.

S. Andrew Schaffer, Stephanie Vullo, New York City, for defendant.

## MEMORANDUM AND ORDER

ELLIS, United States Magistrate Judge.

Defendant has requested a stay of discovery pending this Court's determination of its motion to dismiss filed on December 14, 2001. Based on the following, defendant's request is **GRANTED.**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of "good cause." *Thrower v. Pozzi,* 2002 WL 91612 at *7 (S.D.N.Y. Jan. 24, 2002) (*quoting Siemens Credit Corp. v. American Transit Ins. Co.,* 2000 WL 534497, at *1 (S.D.N.Y. May 3, 2000)). This Court may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d). Based on these provisions, courts in this district have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " *In re Currency Conversion Fee Antitrust Litigation,* 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (*quoting Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209, 209–10 (S.D.N.Y.1991)) (*citing Flores v. Southern Peru Copper Corp.,* 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); *Anti–Monopoly, Inc. v. Hasbro, Inc.,* 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)). In granting a stay, courts generally consider "the breadth of discovery sought and the burden of responding to it." *Anti–Monopoly, Inc.,* 1996 WL 101277, at *3.

In this case, defendant's motion to dismiss is potentially dispositive and does not appear to be unfounded in the law. Additionally, plaintiff has not demonstrated that he would be prejudiced by a stay. The discovery being sought by plaintiff consists of an extensive set of interrogatories directed at New York University's Director of Personnel that asks for information covering a span of more than five years. Therefore, because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery, defendant's request for a stay of discovery is **GRANTED,** until resolution of the motion to dismiss.